UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5795

KEITH EUGENE GAFFNEY, a/k/a Fly,
a/k/a Slim,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-95-53-A)

Argued: June 6, 1996

Decided: September 11, 1996

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge, and
CURRIE, United States District Judge for the District of South
Carolina, sitting by designation.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** Alan Hideto Yamamoto, Alexandria, Virginia, for Appel-
lant. Justin W. Williams, Assistant United States Attorney/Chief,
Criminal Division, Alexandria, Virginia, for Appellee. **ON BRIEF:**
Helen F. Fahey, United States Attorney, Thomas M. Hollenhorst,
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury found Appellant Keith Eugene Gaffney guilty of managing a heroin distribution ring at the Lorton Reformatory in Lorton, Virginia. Appellant was convicted of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C.§ 846; engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848(b); aiding and abetting an assault with a dangerous weapon, in violation of 18 U.S.C. §§ 2 and 113(c); aiding and abetting an assault with intent to commit robbery, in violation of 18 U.S.C. §§ 2 and 113(b); and possession with intent to distribute hydromorphone, in violation of 21 U.S.C. § 841(a).

Appellant challenges the admission of grand jury testimony of an unavailable witness.[1] We find no merit to his argument. Accordingly, we affirm his convictions, with the exception of the§ 846 conspiracy conviction, which is remanded to the district court for vacatur.[2]

_____

[1] Appellant raised a separate challenge to the trial judge's sentencing findings concerning the weight of heroin distributed. Appellant contended that the court failed to make required findings under Rule 32(c)(3)(D), Fed. R. Crim. P., and reached its conclusions based on unreliable or insufficient evidence. At oral argument, however, Appellant's counsel conceded that this issue would be moot if the court affirmed Appellant's CCE conviction. Because we affirm Appellant's CCE conviction, this argument is not discussed further.

[2] Both Appellant and the Government agree that Appellant's conviction for engaging in a drug conspiracy in violation of 21 U.S.C. § 846 must be vacated if Appellant's conviction under the CCE count, 21 U.S.C. §848(b), is affirmed. We have previously found that "a defendant convicted under § 848 may not also be convicted for any predicate conspir-

2

Shortly before trial, the Government advised that witness Patrice Oden could not be located. The Government contended that several members of Appellant's family had threatened Oden and moved that Oden's grand jury testimony be admitted under Fed. R. Evid. 804(b)(5). Appellant objected, contending that Oden's testimony failed to satisfy Rule 804 and violated the Confrontation Clause.

At a hearing outside the presence of the jury, FBI Agent Sparks testified that Oden had told him that Appellant's sister, Mona Lisa Gaffney, who maintained contact with Appellant during that time, had told Oden that it was a "bad choice" for her to testify. JA 659. Appellants daughter, Keesha Morris, had visited Oden and said "it's going to be too bad we are going to have to take your baby from you." JA 660. Agent Sparks further testified that on May 13, 1995, Oden reported receiving other threats. He arranged to meet Oden at her place of work at 2:30 p.m. the next day. When he arrived as scheduled, Agent Sparks was informed that Oden had left at 1:00 p.m. Efforts to locate Oden were unsuccessful.

The trial court found that Oden was an unavailable witness and that good efforts had been made to find her. The court also found that Appellant procured Oden's absence. The court considered the factors specified in the residual hearsay exception, Fed. R. Evid. 804(b)(5), and ruled that Oden's testimony bore sufficient indicia of trustworthiness and reliability.

The challenged grand jury testimony concerned Oden's relationship with Appellant over several years in which she visited him in prison and assisted him by placing three-way conference calls to his drug suppliers. In these conversations certain code words, such as "T-bone steak" or "salad," would be used to identify heroin or marijuana respectively. Oden testified that she visited Appellant at Lorton

_____

acy charges proved as elements of the § 848 offense." United States v. Butler, 885 F.2d 195, 202 (1989). Because we reject Appellant's challenge to admission of the grand jury testimony and affirm his CCE conviction, we must remand the § 846 conviction to the district court for vacatur. United States v. Heater, 63 F.3d 311, 317 (4th Cir. 1995), cert. denied, 116 S.Ct. 796 (1996).

and exchanged money and drugs with him. She related one incident in which money was confiscated from her as she was leaving the prison. She also witnessed other persons bringing Appellant drugs on numerous occasions.

Immediately after the reading of Oden's testimony the court read an instruction, drafted by defense counsel, stating that Oden's previous testimony was introduced because she was unavailable. The instruction also pointed out that the defense had never had an opportunity to cross-examine or discredit her, and that the jury would not have an opportunity to evaluate her demeanor. The court instructed the jury to consider those facts in evaluating Oden's testimony. Later, the court also instructed the jury that if the defense had been allowed to cross-examine Oden, it would have elicited that although she had admitted delivering drugs to Lorton she was never charged with a criminal offense.

Appellant contends he was denied his constitutional right of confrontation when the trial court admitted Oden's grand jury testimony. He also argues that the trial court erred in determining that Oden's testimony was admissible under Rule 804(b)(5). He contends that because the testimony was not subject to cross-examination, it lacked reliability.[3] The Government responds that the trial court's findings of trustworthiness are well supported in the record. It further responds that Appellant waived his right to confront Oden by procuring her absence from the trial.

To admit hearsay under the residual exception of Federal Rule of Evidence 804(b)(5), the district court must find: (1) the declarant is unavailable; (2) the statement bears circumstantial guarantees of trustworthiness equivalent to those that warrant the admission of hearsay under the other Rule 804 exceptions; (3) the statement relates to a material fact; (4) the statement is more probative on the point for which it is offered than any other reasonably obtainable evidence; (5) the interests of justice are served by the statement's admission; and

_____

[3] Appellant also contends that Oden's testimony was neither material nor probative. We reject this argument. The record amply demonstrates that the manner in which Appellant conducted the distribution network was material and that Oden's testimony was quite probative on that issue.

4

(6) the offering party has provided the opposing party reasonable notice of its intention to use the statement. The record contains ample evidence that these requirements were satisfied. Several factors demonstrate that Oden's testimony bore sufficient guarantees of trustworthiness.**4** See United States v. Shaw, 69 F.3d 1249, 1253 (4th Cir. 1995). Oden's testimony was given under oath, which carried with it the possibility of a perjury charge if she knowingly testified falsely. The testimony was recorded verbatim, minimizing the risk of error. Most important, as noted by the trial judge, the testimony contained numerous statements against Oden's penal interests. Thus, it appears that Oden's testimony had the "ring of reliability." United States v. Clark, 2 F.3d 81, 85 (4th Cir. 1993), cert. denied, 114 S.Ct. 1194 (1994).

Appellant's Confrontation Clause challenge also fails. Ordinarily, the two-part test set forth in Idaho v. Wright , 497 U.S. 803, 813-15 (1990), determines whether incriminating statements admitted under a hearsay exception violate the Confrontation Clause. Appellant, however, may not claim his Confrontation Clause rights were violated where he procured the absence of the witness. Motes v. United States, 178 U.S. 458 (1900). We find the trial judge's determination that Appellant procured Oden's absence amply supported in the record. Thus, we conclude that Appellant has waived any argument that admission of her grand jury testimony violated his right to Confrontation.

We affirm with the exception of Appellant's conviction under 21 U.S.C. § 846. We remand the case with instructions to the district court to vacate the conviction and sentence on Count I.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED
_____

**4** A trial judge's findings on the guarantees of trustworthiness are subject to the clearly erroneous standard of review. United States v. Workman, 860 F.2d 140, 144 (4th Cir. 1988), cert. denied, 489 U.S. 1078 (1989).